**UNITED STATES of America**

**v.**

**QUICKEE FOOD PRODUCTS, INC.,
Appellant.**

**No. 17127.**

United States Court of Appeals
Third Circuit.

Argued May 10, 1968.

Decided June 7, 1968.

Rehearing Denied June 27, 1968.

Paul R. Hirschfield, Pittsburgh, Pa. (Leo Kostman, Pittsburgh, Pa., on the brief), for appellant.

Robert M. Perry, Land and Natural Resources Division, Department of Justice, Washington, D. C. (Clyde O. Martz, Asst. Atty. Gen., Gustave Diamond, U. S. Atty., Vincent A. Colianni, Asst. U. S. Atty., Pittsburgh, Pa., Roger P. Marquis, Donald W. Redd, Attorneys, Department of Justice, Washington, D. C., on the brief), for appellee.

Before McLAUGHLIN, KALODNER and VAN DUSEN, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

This suit is by the United States to quiet title to its real property in Braddock Borough, Pennsylvania and to recover possession of same.

From the record the following facts clearly appear. Appellant claims a leasehold interest in the food processing facility on the premises and refuses to vacate same. The Government purchased the property October 7, 1966. At that time, through its Economic Development Administration, it notified Morton Chatkin, a principal owner of the defunct Auto-

mated Storage, Inc. which had operated the food processing plant to shut same down immediately. Chatkin claimed there were several thousand pounds of turkeys in the warehouse and that such immediate shutdown would be a terrific hardship on his people as there was no available storage space in the area. He was therefore allowed to continue operation of the facility but was notified by letter not to accept any new contracts for storage or service until a definite working agreement between himself and the E.D.A. had been worked out. As the District Court expressly found "No such working agreement was ever effected." Despite that undeniable situation, on November 15, 1966, Chatkin, without the knowledge or consent of the Economic Business Administration, purported to execute a lease of the food processing facility for five years to one David Dobkin. Chatkin signed the paper as "Agent of Economic Development Authority and or Braddock Cold Storage Company." Dobkin assigned that paper to appellant on January 10, 1967 and the latter then occupied the said facility. On May 5, 1967 the E.D.A. notified Chatkin to tell all customers of the facility that its operations were being suspended and to remove their merchandise within thirty days. It was not until May 17, 1967 that the E.D.A. learned of Chatkin having signed the purported lease naming himself agent for the E.D.A. The latter promptly notified Chatkin and his lawyer that Chatkin had no authority to execute a lease for the E.D.A. and that the paper he had so signed was invalid.

Thereafter E.D.A. demanded that appellant vacate the premises which appellant refused to do. The proofs spell out that at the time Chatkin signed the purported lease of November 15, 1966 representing himself as agent for E.D.A., the only persons who could have validly executed such a lease for the Administration were the Secretary of Commerce, the Assistant Secretary thereof and the Director of Economic Development. It was also overwhelmingly established in the case that after E.D.A. learned on May 17, 1967 of Chatkin's action, it never did or omitted to do anything to countenance Chatkin's arrangement with Dobkin which was assigned to appellant.

The trial below was to the Court. We have carefully considered all of the appellant's points on this appeal, including those alleging that the trial was conducted in such a manner that appellant was deprived of its right to a fair and impartial trial. We find all of said points to be devoid of merit.

The judgment of the District Court will be affirmed.